**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Khounxai P.,

Petitioner,

v.

David Easterwood, *Director of St. Paul Enforcement and Removal Operations, Immigration and Customs Enforcement*; Markwayne Mullin, *Secretary of the Department of Homeland Security*; Administrator, *Sherburne County Jail*; David Venturella, *Acting Director, U.S. Immigration and Customs Enforcement*; Todd Blanche, *Attorney General of the United States*,

Respondents.

File No. 26-CV-3748 (JMB/ECW)

**ORDER**

---

Hannah Brown, HB Law & Advocacy PLLC, Wayzata, MN; and Stacey R. Rogers (*pro hac vice*), SPR Law Group LLC, St. Cloud, MN, for Petitioner Khounxai P.

David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents David Easterwood, Markwayne Mullin, David Venturella, and Todd Blanche.

---

This matter is before the Court on Petitioner Khounxai P.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, "Pet."]), which

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

names David Easterwood, Markwayne Mullin, David Venturella, Todd Blanche (together, the Federal Respondents) and the Administrator of the Sherburne County Jail (together, with the Federal Respondents, Respondents) as Respondents. (Doc. No. 1). For the reasons explained below, the Court grants the Petition.

## FINDINGS OF FACT

1. Khounxai P. is a 44-year-old native and citizen of Laos. (Doc. No. 9-1 at 1.)

2. Khounxai P. entered the United States as a refugee on September 27, 1989, when he was seven years old. (*Id.*; Pet. ¶ 1.)

3. Khounxai P. married his United States citizen wife in 2016 and is the father of an adult daughter and a seven-year-old son, both of whom are United States citizens. (Pet. ¶ 11.)

4. On November 5, 2008, an Immigration Judge in Atlanta, Georgia, ordered Khounxai P. removed. (*Id.* ¶ 31.)

5. Department of Homeland Security (DHS) subsequently released Khounxai P. on an Order of Supervision pursuant to 8 C.F.R. §§ 241.4, 241.13 because there was no significant likelihood of his removal to Laos in the reasonably foreseeable future. (*Id.* ¶ 34.)

6. While released under an Order of Supervision, DHS officials granted Khounxai P. employment authorization under category C-18. (*Id.* ¶ 38.)

7. Khounxai P. always complied with all required Immigration and Customs Enforcement (ICE) check-ins. (Pet. ¶¶ 35, 36.)

8. DHS records show that, on June 18, 2026, government officials in Laos

issued a "travel document"[2] to officials in ICE's Headquarters Post-Deportation Unit for purposes of Khounxai P.'s repatriation to Laos. (Doc. No. 9-1 at 2.)

9. According to DHS records, the travel document issued by the Laotian government expires on September 16, 2026.[3] (Doc. No. 9-7 at 1.)

10. On August 18, 2026, Khounxai P. appeared for a scheduled check-in with ICE officials. (Pet. ¶ 49.)

11. At 12:32 p.m. on August 18, 2026, ICE generated a Form I-205 Administrative Warrant of Deportation. (Doc. No. 9 ¶ 18; Doc. No. 8 at 3.)

12. At 12:35 p.m. on August 18, 2026, ICE generated a Form 71-091 Notice of Revocation of Release. (*Id.*)

13. At 12:40 p.m. on August 18, 2026, ICE served Khounxai P. with the Form I-205 Warrant of Deportation and Form 71-091 Notice. (Doc. No. 9 ¶ 21; Doc No. 8 at 3.)

14. The Form 71-091 Notice of Revocation of Release informed Khounxai P. that his Order of Supervision "has been revoked pursuant to 8 C.F.R. § 241.13(i)" and that his removal would "take place no later than" September 16, 2026, for the following reason:

> Circumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future. On June 18, 2026, the Lao People's Democratic Republic issued a travel document for your return to Laos. The

[2] The term "travel document" appears to be a generic one, and Respondents did not provide a copy of any actual travel document in their responsive papers. (Doc. Nos. 8, 9.) As a result, the Court cannot know the nature of the purported travel document or assess how likely removal can be based on the document.

[3] Because Respondents did not provide a copy of the travel document, the Court cannot verify this representation regarding the expiration of the travel document, either.

> document is valid through September 16, 2026.
>
> ICE has obtained a travel document and scheduled your removal to take place no later than 09/16/2026.

(Doc. No. 9-7 at 1.)[4]

15. Also on August 18, 2026, after serving Khounxai P. with Form 71-091 Notice, an ICE agent attempted to conduct an interview with Khounxai P. regarding "the reasons for revocation." (*Id.* at 3.) The agent recorded no information about the interview, other than indicating that Khounxai P. did not provide a statement or any documents. (*Id.*)

16. Also on August 18, 2006, ICE took Khounxai P. into custody. (Pet ¶ 52.)

17. ICE Deportation Officer William J. Robinson represents that "Petitioner is manifested on a removal flight to Laos within the next three weeks." (Doc. No. 9 ¶ 23.)[5]

18. On August 21, 2026, Khounxai P. filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.)

19. On August 24, 2026, the Court ordered Respondents, among other things, to respond to the Petition on or before 11:00 a.m. on August 26, 2026. (Doc. No. 4.)

---

[4] Respondents make no argument that Khounxai P. violated the conditions of the supervision order, and the Form 71-091 Notice does not have the selection checked for revocation resulting from a violation of a condition of release. (*See* Doc. No. 9-7 at 1.)

[5] Respondents submitted a declaration made by Robinson. (*See* Doc. No. 9.) The Court observes that Robinson does not attest to having personal knowledge of the facts and circumstances discussed in the declaration; instead, the declaration includes a boiler plate paragraph explaining that Robinson relies on his "personal and professional knowledge, [his] review of records and systems maintained by ICE in the regular course of business, and information provided by other [unidentified] agents and officers." (Doc. No. 9 ¶ 3.) The Court further observes that Robinson's statement does not include any information concerning when Respondents made the arrangements for the repatriation flight, including whether this was before or after issuing the Form 71-091 Notice.

20. On August 26, 2026, the Federal Respondents filed their response. (Doc. No. 8.)

**DISCUSSION**

In his Petition, Khounxai P., seeks immediate release, arguing that his detention violates applicable federal regulations, the Fifth Amendment, and the Administrative Procedure Act (APA).[6] For their part, the Respondents argue that they complied with statutory and regulatory requirements when revoking Khounxai P.'s Order of Supervision and subsequently detaining him. Because Respondents did not comply with applicable regulations, the Court grants the Petition.

**A. Right to Habeas Relief**

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng*

[6] In light of the Court's decision to grant the Petition on the basis that Respondents violated applicable regulations and, in the alternative, on due process grounds, the Court declines to address the APA claim.

*Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

**B. Violations of Regulations**

Specific regulations control the federal government's ability to detain, release, and revoke the release of non-citizens subject to removal orders. The parties agree that 8 C.F.R. § 241.13(i), which applies when a non-citizen is released under an order of supervision after the expiration of a removal period, applies in Khounxai P.'s case. That regulation applies when ICE previously determined that there is no significant likelihood that the non-citizen will be removed in the reasonably foreseeable future, provided that no special circumstances justify continued detention. 8 C.F.R. § 241.13(g).

When an individual is released pursuant to section 241.13, that release can be revoked when, as is relevant in this matter, "on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [non-citizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2). The regulations require ICE to notify the non-citizen "of the reasons for revocation of his or her release" and to conduct an initial informal interview promptly after the non-citizen's return to custody to afford them an opportunity to respond to the reasons for revocation set forth in the notification. *Id.* § 241.13(i)(3). Section 241.13(i) also places the burden on ICE to establish that "changed circumstances" justify the revocation of an order of release. *Roble v. Bondi*, No. 25-CV 3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025); *Escalante v. Noem*, No. 9:25-CV-0182 (MJT), 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025);

*Nguyen v. Hyde*, No. 25-CV-11470 (MJJ), 2025 WL 1725791, at *3 n.2 (D. Mass June 20, 2025). To that end, ICE must have provided Khounxai P. with non-conclusory reasons for the revocation of his Order of Supervision at the time of revocation. *Sarail A.*, 803 F. Supp. 3d at 781–84.

To determine whether there "is a significant likelihood that the [non-citizen] will be removed in the reasonably foreseeable future," the agency must "consider[] factors probative of the [non-citizen's] future removal," such as the factors set out in section 241.13(f). *Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 782 (D. Minn. 2025) (citing cases); *see also Kong v. United States*, 62 F.4th 608, 620 n.13 (1st Cir. 2023) (referring to the factors in subsection (f) as relevant to the subsection (i)(2) determination governing re-detention of a non-citizen released under section 241.13). Those factors include, but are not limited to, the history of Khounxai P.'s efforts to comply with the order of removal, the history of ICE's efforts to remove non-citizens to third countries that are an option for Khounxai P.'s removal, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of non-citizens to the countries in question.[7] *See* 8 C.F.R. § 241.13(f).

In addition, after making a determination that the section 241.13(f) factors supported revocation of release, ICE must notify the non-citizen of the reasons for the decision to

---

[7] Petitioner argues in the alternative that section 241.4 may apply. Section 241.4 separately requires a lawful basis for revocation, notice of the reasons, a prompt informal interview, and individualized custody review. These custody review procedures are required after a finding "that there is a significant likelihood that the non-citizen may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.4(b)(4). To the extent that the provisions of section 241.4 apply to detention pending a determination of revocation based on changed

revoke the previous order of release. *Id.* § 241.13(i)(3). Once this has occurred, ICE must also conduct an informal interview to afford the non-citizen an opportunity to respond to the reasons for revocation and to provide any information contesting the determination (or underlying facts) that there is a significant likelihood of removal in the reasonably foreseeable future. *Id.* ICE must then conduct a "revocation custody review," which includes "an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release." *Id.*

Here, the Court concludes that the Respondents have not met their burden to justify the present detention of Khounxai P. because the record contains no evidence that the Respondents followed the requirements of section 241.13. First, the record does not contain sufficient evidence showing that the Respondents considered the factors listed in section 241.13(f) prior to making the initial determination to revoke the previous order of supervision. Nothing in the Form 71-091 Notice includes any reference to or analysis of these factors and there is no other evidence presented to indicate that Respondents considered the requisite factors.

Second, the record does not include evidence that Respondents adequately informed Khounxai P. of the basis for their initial determination to revoke, as required by section 241.13(i)(3). Here, the Form 71-091 Notice informed Khounxai P. only that "[o]n June

---

circumstances, the record presented includes no evidence that the Respondents made any effort to consider the factors required by section 241.4. Absent such evidence, section 241.4 would also compel granting the Petition.

18, 2026, the Lao People's Democratic Republic issued a travel document for your return to Laos," and that "[t]he document is valid through September 16, 2026." (Doc. No. 9-7 at 1.) Thus, although Respondents informed Khounxai P. of the existence of a changed circumstance, they provided Khounxai P. with no reasons in support of their conclusion that Khounxai P. will be removed in the reasonably foreseeable future, as required by section 241.13. Likewise, while Respondents offer some explanation now in response to the Petition, the record does not contain evidence that they informed Khounxai P. of such explanation on the date they detained him and interviewed him. Such post-hoc rationalizations for the revocation cannot justify the detention in this case. *See Sarail A.*, 803 F. Supp. 3d at 781–84. Standing alone, as they must, the reasons for revocation given to Khounxai P. at the time of revocation are insufficiently conclusory to satisfy the applicable regulations.[8]

Accordingly, release is the appropriate remedy.[9] E.g., *Sarail A.*, 803 F. Supp. 3d at

---

[8] The Court is also concerned that when provided with an insufficient statement of the reasons for the revocation, the noncitizen is unable to identify facts that could be disputed, contest those facts, submit evidence or information to show a low probability of removal in the reasonably foreseeable future, or to challenge the reasoning for the revocation, all as contemplated by section 241(i)(3). Similarly, the record here contains no evidence that, after conducting the informal interview, ICE officials conducted a "revocation custody review," or otherwise evaluated "any contested facts," made any factual findings, or determined whether those facts warranted detention or release, as required by section 241.13(i)(3). Absent any documentation in the record that Khounxai P. had a meaningful opportunity to dispute the revocation and absent any evidence that after the informal interview, ICE officials conducted the required revocation custody review, Respondents would not have satisfied the requirements of section 241.13(i)(3).

[9] Although the Court need not address the question of whether Khounxai P.'s detention violates the Fifth Amendment, it nevertheless alternatively concludes that, on balance, the *Mathews v. Eldridge* due-process factors tip in Khounxai P.'s favor. Khounxai P. has a

788–89.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner Khounxai P. immediately, subject to the same terms and conditions previously ordered, and in any event no later than 4:00 p.m. CT on August 28, 2026.

2. On or before 11:00 a.m. CT on August 31, 2026, counsel for Respondents shall file a letter affirming that they have released Petitioner Khounxai P.

3. On or before 11:00 a.m. CT on August 31, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589. If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property." If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

---

significant private interest at stake (i.e., his liberty, his detention in a carceral setting); the risk of erroneous deprivation through incarceration is needlessly high when available and inexpensive procedures protect against erroneous deprivations of liberty; and the federal government has very little interest in incarcerating individuals en masse who pose little or no risk of flight or danger to the community. Thus, Khounxai P.'s ongoing detention is also unlawful for this reason. *See, e.g.*, *R.M. v. Blanche*, No. 26-CV-2283 (LMP/DLM), 2026 WL 1506306 (D. Minn. May 29, 2026) (concluding that respondents' mandatory detention without bond under 8 U.S.C. § 1225(b)(2) and *Avila* violated petitioner's rights to procedural due process and ordering a bond hearing); *Jesus Alejandro G.A. v. Blanche*, No. 26-CV-1932 (LMP/ECW), 2026 WL 1383138 (D. Minn. May 18, 2026) (same).

4. Petitioner Khounxai P. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

5. To the extent Petitioner Khounxai P. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 27, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court